Dear Representative Faucheux:
You have requested an opinion from this office concerning the Town of Gramercy leasing a small parcel of property (30' x 40') in front of a public parking lot to a private corporation.
In this regard, you have asked the following questions: (1) Is it necessary that the town adopt the lease by ordinance or resolution? (2) Is public advertising needed before the town can lease the premises? (3) Can the town under the constitution lease to a private entity and under what circumstances can they lease? (4) Does the town also have to declare the property surplus?
We are of the opinion that the answers to all of the above questions are found in La.R.S. 33:4712, which provides in part as follows:
§ 4712. Sale, exchange or lease of property by municipality.
 A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
 Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property. * * * Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
 Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
 Thus, it can be seen that the Town of Gramercy may lease property to private persons only when the governing authority declares that the property is no longer needed for a public purpose; and the proposed lease may not be entered into until after advertisement or posting of a proposed ordinance giving the reasons for the action on the part of the governing authority of the town, and fixing the minimum price and terms of the lease.
While your opinion request does not advise as to how the Town of Gramercy acquired this small parcel of property, which you described as a "grassy nolle" adjacent to a public parking lot, we would point out that the town may not lease this property if the same has previously been dedicated as a public park or square. La.R.S. 33:4718 provides that the title to the land of dedicated parks or squares reverts to the person or persons who were the owners at the time of the dedication when the governing authority of the municipality revokes the dedication as no longer needed for a public purpose.
We hope that the above information answers your questions; and if we can be of any further assistance to you in this matter, please do not hesitate to contact our office.
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp